PALMER *v.* WARDENS AND VESTRYMEN OF ST. STEPHEN'S CHURCH.

*(Circuit Court, N. D. Illinois.   1883.)*

PROMISSORY NOTE — EXECUTION BY VESTRYMEN OF CHURCH—RELIGIOUS CORPO-
   RATION—LIABILITY.

   Where a negotiable promissory note upon its face does not purport that the
   parties who signed the note as wardens and vestrymen of a church were di-
   rected to execute such note by any vote or order or direction of the church or
   congregation, as required by section 43 of chapter 32 of the Revised Statutes of
   Illinois, and the evidence fails to establish any such direction or order, or any
   ratification by the church or congregation, a *bona fide* holder thereof cannot re-
   cover in an action on the note against the corporation.

At Law.

*C. L. Easton,* for plaintiff.

*S. Corning Judd,* for defendant.

BLODGETT, J.   This is a suit on a note, dated June 14 1870, for
$1,600 and interest, payable in three years from date to Chauncy T.
Bowen, and duly indorsed to the plaintiff.   The declaration charges
that the defendant, a corporation organized and existing under the laws
of the state of Illinois, made and delivered the note in question to
Bowen, and the same was indorsed to plaintiff.   The defendant pleads
the general issue, and a plea denying the execution of the note, veri-
fied by affidavit.   The only proof on the part of the plaintiff is by
the production of the note, and the testimony of a witness that the
persons whose names are signed to the note admitted to him that
they had signed the note in question as wardens and vestrymen of
St. Stephen's church, and the further testimony of the plaintiff that
she is the holder of this note, for value, by purchase from Bowen.

Sections 35 to 49 of chapter 32 of the Revised Statutes of Illinois
provide the mode of organizing, and the powers and duties, of relig-
ious corporations in this state.   Section 35 provides—

"That any church, congregation, or society formed for the purpose of re-
ligious worship may become incorporated in the manner following, to-wit:
By electing or appointing according to its usages or customs, at any meeting
held for that purpose, two or more of its members as trustees, wardens, and
vestrymen, or such other officers whose powers and duties are similar to those
of trustees, as shall be agreeable to the usages and customs, rules or regula-
tions, of such congregation, church, or society, and may adopt a corporate
name; and upon the filing of the affidavit, as hereinafter provided, it shall be
and remain a body politic and corporate by the name so adopted."

Section 43 reads as follows:

"The trustees shall have the care, custody, and control of the real and personal property of the corporation, subject to the direction of the congregation, church, or society, and may, when directed by the congregation, church, or society, erect houses or buildings and improvements, and repair and alter the same, and may, when so directed, mortgage, incumber, sell, and convey any real or personal estate of such corporation, and enter into all lawful contracts in the name of and in behalf of such corporation."

The proof in this case wholly fails to show that this contract, or the making of this note, was directed or authorized, or has been in any manner ratified, by the congregation or body of this corporation. It is upon its face merely a naked promissory note, by which the wardens and vestrymen of St. Stephen's church promise to pay the sum in question. It purports on its face to be the contract of the corporation as such. The paper does not, on its face, purport to have been made by virtue of any vote or order or direction of the church or congregation; so that while the plaintiff in this case may be, and I have no doubt, from the proof, is, a *bona fide* purchaser of this note for value, yet the case does not come within the large class of cases which are found in the books where a corporation has been held liable, or rather estopped from denying its liability, in favor of a *bona fide* purchaser for value, because the paper on its face recited that the proper preliminary steps or conditions precedent by which such a contract could be made had been complied with. Here there is no evidence whatever, either produced on the trial or existing on the face of the paper itself, that this congregation had ever given any directions for the execution of this note, or that it has ever since that time ratified it.

There was some evidence in the case that interest was paid on three occasions in all, but the proof fails to show that this interest was paid by the defendant corporation, or by any one acting for it. It was paid by a clerk of Mr. Bowen, and, for aught we know, Mr. Bowen himself may have paid this interest; at any rate, there is no proof that the corporation ever sanctioned or directed the payment of interest, or that it was paid at the instance or direction of the congregation, so as to work a ratification or estoppel *in pais*.

The proof on the part of the plaintiffs that certain persons, whose names are signed to this note, admitted that they had signed the same as wardens and vestrymen of this corporation, and that they were such wardens and vestrymen at the time of signing, cannot,

standing by itself, bind the defendant corporation, as there is no rule better settled than that a person cannot admit himself into office, nor, by simply admitting his own agency, bind his principal.

The issues, therefore, must be found for the defendant.